**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAY 2 5 2004

Norman H. Meyer, Jr.
Acting Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LENDAL SMITH,

    Plaintiff,

v.     Civil No. 03-929 JP/RHS

THOMAS E. WHITE, SECRETARY OF THE ARMY,
and WHITE SANDS MISSILE RANGE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff's Request for Appointment of Counsel. The motion was filed as part of the Complaint [Doc. No. 1] when the case was originally filed on August 5, 2004 and was submitted by the Court to the Clerk for filing as a separate pleading on May 20, 2004 [Doc. No. 26]. After reviewing the motion together with the relevant attachments and the applicable case law, the Court finds that Plaintiff's motion should be denied.

Mr. Smith was employed as a supply technician on the White Sands Missile Range (WSMR). He was terminated from that civilian employment on July 15, 2000. The *pro se* Plaintiff alleges that the Army wrongfully terminated from his position based on his disabilities (Count I); that the Army failed to provide reasonable accommodation for his disabilities (Count II); and that his termination letter of July 15, 2000 constituted slander (Count III). The Complaint appears to allege violations of the Rehabilitation Act of 1973, 29 U.S.C.A. §791, et. seq. and the Americans with Disabilities Act of 1990, 42 U.S.C. §12101-

12117 as well as the slander claim.

Plaintiff requests that an attorney be appointed by the court to represent him in this case. He contends that he "would be better able to come to a successful completion of this civil process were an attorney provided for him."

There is no constitutional right to the appointment of counsel in a civil action. Castner v. Colorado Springs Cablevision, 979 F.2d 1417 (10th Cir.1992); cited in Vasquez v. U.S.Office of Personnel Management, 847 F.Supp. 848, 849 (D.Colo. 1994). Title VII of the Civil Rights Act of 1964, however, provides that the district court may, in its discretion, appoint counsel for a plaintiff in an employment discrimination action. 42 U.S.C. § 2000e-5(f)(1) states that "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security." While this provision does not create a statutory right to have counsel actually appointed, it does give civil rights plaintiffs a right to request representation. Poindexter v. F.B.I., 737 F.2d 1173 (1984).

In the absence of a right to court-appointed counsel, the Court considers Mr Smith's request in light of the factors enunciated by the 10th Circuit in Castner. Before counsel may be appointed, a plaintiff must make affirmative showings of (1) financial inability to pay for counsel, (2) diligence in attempting to secure counsel and (3) meritorious allegations of discrimination. Castner at 1420. In "close" cases, the court should consider a fourth factor--the plaintiff's capacity to present the case without counsel-- as an aid in exercising discretion. Id

2

Mr Smith has not presented the court with any information indicating that he can meet the meet the "financial inability" test required by Castner. Plaintiff has also failed to submit any affidavit or documentation indicating that he has sought the services of the State Bar of New Mexico or its lawyer referral program, the National Legal Services Corporation, a local legal aid society or private counsel.

In considering a request to appoint counsel under 42 U.S.C. §2000e-5(f)(1), any one of the first three Castner factors may be determinative. Id. The Court finds that Plaintiff failed to submit evidence of his financial inability to pay an attorney and failed to show diligence in attempting to secure representation. Plaintiff has not established sufficient grounds for appointing counsel under 42 U.S.C. § 2000e-5(f)(1) and his Motion for Appointment of Counsel [Doc. No. 26] is therefore **DENIED.**

*Robert H. Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE

3