IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LENDAL R. SMITH III,

    Plaintiff,

v.                                                       Case No. 03 CV 929 JP/RHS

LES BROWNLEE, acting Secretary
of the Army, and WHITE SANDS
MISSILE RANGE, New Mexico

    Defendants.

**MEMORANDUM OPINION AND ORDER**

     Pro se Plaintiff, Lendal R. Smith III, alleges claims under the Rehabilitation Act of 1973 of wrongful termination of employment based on his disability and failure to provide reasonable accommodation for his disability, plus a claim of slander under the Federal Tort Claims Act. On February 2, 2004, Defendants[1] filed their Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment (Doc. No. 8) seeking dismissal of all of Plaintiff's claims. After briefing on the motion was completed, by letter dated March 31, 2004, pro se Plaintiff sought leave to file a surreply to Defendants' motion (Doc. No. 20). Plaintiff's Motion for Leave to File Surreply (Doc. No. 20) will be GRANTED. Having fully considered the briefs, including Plaintiff's Surreply, and the relevant case law, the Court concludes that Defendants' Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment should be GRANTED.

---

[1] Defendants assert that White Sands Missile Range is not a proper party in this lawsuit, and that Defendant Les Brownlee, in his official capacity as the Acting Secretary of the Army, is the only properly named Defendant.

1

I.  **MOTION TO FILE SURREPLY**

Defendants' Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment sets forth a concise statement of undisputed material facts supported by evidence consisting of an affidavit and accompanying exhibits. However, Plaintiff's Response to Defendant's motion (Doc. No. 15) does not contain a "concise statement of the material facts as to which the party contends a genuine issue does exist," as required under D.N.M.L.R.-Civ 56.1(b). Defendants therefore argue in their Reply (Doc. No. 16) that all of their material facts should be deemed admitted under Local Rule 56.1(b), because Plaintiff has failed to contest any of those facts. In his Motion for Leave to File Surreply (Doc. No. 20), Plaintiff acknowledges that he was remiss in failing to include a statement of material facts, and offers to correct the error by providing a surreply that includes a concise factual statement supported by exhibits.[2]

It is well-established, as Defendants point out, that a pro se litigant is not absolved of the responsibility to follow rules of procedure, including local rules. See Hendrix v. Employer's Reinsurance Corp., 26 Fed. Appx. 873, 874 (10th Cir. 2002) (unpublished decision). However, the Court is inclined to afford leniency to pro se Plaintiff by giving him an additional opportunity

---

[2] In their Response to Plaintiff's Motion for Leave to File Surreply (Doc. No. 21), Defendants argue that the exhibits Plaintiff has attached to his Surreply are unauthenticated documents that do not constitute admissible evidence for the court to consider in deciding a motion for summary judgment. Def. Resp. (Doc. No. 21) at 3. Only admissible evidence may be considered by a court ruling on a motion for summary judgment. See World of Sleep, Inc. v. La-Z-Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir. 1985). In order to be admissible, a document must be authenticated and attached to an affidavit that meets the requirements of Rule 56(e). See IBP, Inc. v. Mercantile Bank of Topeka, 6 F.Supp.2d 1258, 1263 (D.Kan. 1998). Materials that do not meet the standards of Rule 56 are subject to a motion to strike. See Noblett v. General Elec. Credit Corp., 400 F.2d 442, 445 (10th Cir. 1968).
   Since Defendants have raised a timely objection to the unauthenticated exhibits submitted by Plaintiff with his Surreply, the Court will strike those documents for failing to comply with FED. R. CIV. P. 56(e). The Court will not consider those exhibits in ruling on Defendants' Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment.

to respond to the factual allegations contained in Defendants' motion. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Accordingly, the Court will grant Plaintiff's Motion for Leave to file Surreply (Doc. No. 20). In deciding Defendants' Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment, the Court will consider the factual allegations set forth in Plaintiff's Surreply, to the extent that such allegations are supported by admissible evidence.

## II.   MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

As an initial matter, the Court must determine whether to consider Defendants' motion as a Rule 12(b)(6) motion to dismiss or a Rule 56 motion for summary judgment. A court must treat a Rule 12(b)(6) motion to dismiss as a motion for summary judgment whenever the court considers matters outside the plaintiff's complaint. See Lowe v. Town of Fairland, 143 F.3d 1378, 1381 (10th Cir. 1998) ("A motion to dismiss for failure to state a claim . . . must be converted into a motion for summary judgment whenever the district court considers matters outside the pleadings.") However, in converting a motion to dismiss into a motion for summary judgment, a court must give the parties notice of the changed status of the motion and provide the parties with an opportunity to present all material pertinent to the motion for summary judgment. See FED. R. CIV. P. 12(b); Brown v. Zavaras, 63 F.3d 967, 969 (10th Cir. 1995).

Here, Defendants' filed their motion as either a Rule 12(b)(6) motion to dismiss, or, in the alternative, a Rule 56 motion for summary judgment. Def. Mot. (Doc. No. 8). Accordingly, all parties were on notice that the Court may consider Defendants' motion as a motion for summary judgment. Moreover, by granting Plaintiff's motion to file a surreply, the Court has provided Plaintiff with an additional opportunity to present all material, including evidence outside the

pleadings, made pertinent to the motion for summary judgment. Therefore, the Court is not required to give the parties additional notice before treating Defendants' motion as a motion for summary judgment. See Wheeler v. Hurdman, 825 F.2d 257, 259-60 (10th Cir. 1987) (court not required to provide additional notice before treating motion to dismiss as a motion for summary judgment when both parties submit materials beyond the pleadings in support of their briefs). Because resolution of the legal issues presented by Defendants' motion with respect to Plaintiff's Rehabilitation Act claims requires the Court to consider factual matters outside the pleadings, the Court will construe Defendants' motion as a motion for summary judgment under Rule 56 as to those claims. See Lowe, 143 F.3d at 1381. On the other hand, since the Court has considered only the Pleadings in regard to Plaintiff's claim for slander, Defendants' motion with respect to the slander claim will be considered as one made under Rule 12(b)(6).

### A.   STANDARD OF REVIEW

#### 1.   Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim

In considering a Rule 12(b)(6) motion to dismiss, a court must liberally construe the pleadings, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor. See Warth v. Seldin, 422 U.S. 490, 501 (1975); Dill v. City of Edmond, 155 F.3d 1193, 1203 (10th Cir. 1998). A court will not grant a motion to dismiss under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See David v. City and County of Denver, 101 F.3d 1344, 1352 (10th Cir. 1996). "[C]onclusory allegations without supporting factual averments are

insufficient to state a claim on which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Supreme Court has stated that a court must liberally construe a pro se plaintiff's complaint. See Haines, 404 U.S. at 520. Dismissal of a pro se plaintiff's complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend the complaint. See Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999). Although the Court must liberally construe a pro se plaintiff's pleadings, a broad reading of the complaint does not relieve a pro se plaintiff from the burden of alleging sufficient facts upon which a recognized legal claim could be based. See Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996).

**2.      Rule 56 Motion for Summary Judgment**

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law. See FED. R. CIV. P. 56(c). When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. See Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Only then does the burden shift to the non-movant to come forward with evidence showing that there is a genuine issue of material fact. Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991).

An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996). The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of the party's pleadings. Bacchus, 939 F.2d at 891. To withstand a motion for summary judgment, the non-movant must make specific reference to admissible evidence in the record. See Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1546 (10th Cir. 1995). Unsubstantiated allegations, no matter how true they might be, cannot be considered. See id.

**B.    FACTUAL BACKGROUND**

The following facts are set forth in the light most favorable to Plaintiff, with all reasonable inferences from the record drawn in his favor. See EEOC v. Horizon/CMS Healthcare Corp., 220 F.3d 1184, 1189 (10th Cir. 2000). On July 15, 2000, Plaintiff was terminated from his position as a Supply Technician at Defendant White Sands Missile Range ("White Sands"). Plaintiff was an employee of the Department of Defense, which operates White Sands, for 23 years, during which time he never received a poor performance evaluation. Plaintiff is a Vietnam Veteran who suffers from a disability incurred during his time in military service. In January of 2000, Plaintiff submitted a set of recommended changes to his work environment that would better accommodate his disability. Defendants refused to adopt his recommended changes, and subsequently terminated Plaintiff. The disparaging nature of the termination letter Plaintiff received from Defendants has precluded him from obtaining other employment. Furthermore, Plaintiff's disability and the circumstances of his termination have been the subjects of conversation at the workplace, resulting in damage to Plaintiff's reputation in the community.

Plaintiff first contacted the Equal Employment Opportunity ("EEO") office regarding his termination on January 9, 2001, more than 45 days after his termination. Def. Mem. (Doc. No. 9) Ex. A2. After contacting the EEO office, Plaintiff participated in an Alternative Dispute Resolution ("ADR") process, which was not successful. Plf. Surreply (Doc. No. 20) at 5. On February 14, 2001, Plaintiff received from the EEO office a notice of his right to file a formal complaint of discrimination. Id. Ex. A3. On February 27, 2001, Plaintiff filed a formal EEO complaint of discrimination with the Department of the Army ("Army"), which is the Department of Defense agency that operates White Sands, alleging that his former employer had discriminated against him on the basis of his disability. Id. Ex. A4. By letter dated April 9, 2001, the Army notified Plaintiff that it was dismissing his EEO complaint for untimeliness, on the ground that Plaintiff had failed to comply with the 45-day deadline for filing an EEO complaint set forth in 29 C.F.R. § 1614.105 et seq. Id. Ex. A5. Furthermore, the Army stated in the letter that it had considered and rejected the reasons Plaintiff had given for the Army to accept his EEO complaint despite its untimeliness. Id. On August 16, 2001, the Equal Employment Opportunity Commission ("EEOC") affirmed the Army's dismissal of Plaintiff's EEO complaint. Plf. Mem. (Doc. No. 9) Ex. A7. Subsequently, Plaintiff made a request for reconsideration, which the EEOC denied on January 15, 2002. Id. Exs. A8, A9. The EEOC denial informed Plaintiff about his right to file a civil action within 90 days of the EEOC's determination. Id. Ex. A9.

On April 19, 2002, Plaintiff timely filed a civil action in the District of New Mexico in Smith v. White, No. 02 Civ. 446 (D.N.M. filed Apr. 19, 2002) (hereinafter "Smith I"). However, on May 29, 2003, District Judge William Johnson dismissed Smith I without prejudice because of

7

Plaintiff's failure to effect proper service on Defendants. On June 13, 2003, Plaintiff filed a request for reconsideration of the dismissal. By an Order filed July 21, 2003, Judge Johnson denied Plaintiff's motion for reconsideration. Smith I, Doc. No. 21. In that Order, Judge Johnson stated that "because the case was dismissed without prejudice, Plaintiff is not precluded from re-filing the case and thereby having another opportunity to serve Defendants properly." Id. at 2. Subsequently, Plaintiff filed this action on August 5, 2003.

### C. DISCUSSION

#### 1. Plaintiff's Rehabilitation Act of 1973 Claims for Wrongful Discharge and Failure to Provide Reasonable Accommodation

Defendants argue that Plaintiff's claims for wrongful discharge and failure to provide reasonable accommodation should be dismissed because: 1) Plaintiff failed to timely exhaust his EEO administrative remedy within 45 days of his termination; and 2) Plaintiff failed to timely file a civil action challenging the EEOC's determination within 90 days of receiving the EEOC's denial of his request for reconsideration.

##### a. Exhaustion of Administrative Remedies

It is well-settled that exhaustion of administrative remedies is a jurisdictional prerequisite to filing a Title VII action, including a claim brought under the Rehabilitation Act of 1973. See Woodman v. Runyon, 132 F.3d 1330, 1341 (10th Cir. 1997). In order to exhaust his administrative remedies and preserve his claims for disability discrimination and failure to provide reasonable accommodation, Plaintiff was required to file an EEO complaint with an EEO counselor within 45 days of the adverse action taken against him. See 29 C.F.R. § 1614.105(a)(1); see also Corbin v. Runyon, 1999 WL 590749 at **6 (10th Cir. 1999)

8

(unpublished decision). Defendants assert that since Plaintiff was terminated on July 15, 2000, and did not file an EEO complaint until January 9, 2001, well more than 45 days later, Plaintiff's claims are time-barred for failure to comply with the 45-day limitation period.

The Tenth Circuit has stated that a plaintiff's failure to *timely* file an administrative charge, as distinguished from a plaintiff's failure to file an administrative charge at all, is not necessarily a bar to bringing a Title VII suit. See Sizova v. National Inst. of Standards & Tech., 282 F.3d 1320, 1325 (10th Cir. 2002). This is because, as the Tenth Circuit noted, there are certain circumstances in which an agency is required to extend the 45-day time limit for a plaintiff. Id. The regulations governing the exhaustion of administrative remedies for a Title VII action state:

> The agency or the Commission shall extend the 45-day time limit . . . when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been [sic] known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented . . . from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

29 C.F.R. § 1614.105(a)(2). Accordingly, in order to decide whether Plaintiff's claims should be barred for failure to exhaust administrative remedies, the Court must determine whether the Army was required to grant Plaintiff an extension of the 45-day limit for filing his EEO complaint. See Sizova, 282 F.3d at 1325-26.

Here, Defendants have presented admissible evidence to show that Plaintiff was not entitled to receive an extension of the 45-day time limit from the Army. On July 12, 2000, Plaintiff received a termination letter from White Sands advising him of his impending termination, and instructing him about how to file a complaint of discrimination. Def. Mem. (Doc. No. 9) Ex.

A1 at ¶ 7. In its April 9, 2001 letter to Plaintiff, the Army stated that it had considered and rejected Plaintiff's reasons to accept his EEO complaint despite its untimeliness. Def. Mem. (Doc. No. 9) Ex. A5. The April 9, 2001 letter from the Army noted that the July 12, 2000 termination letter "specifically provided instructions on how to file a complaint of discrimination." Id. Ex. A5. The April 9, 2001 Army letter also pointed out that there was "ample publicity" at White Sands regarding the procedures for filing an EEO complaint. Id. On August 16, 2001, the EEOC affirmed the Army's decision to dismiss the complaint under 29 C.F.R. § 1614.107(a)(2) for untimely filing an EEO complaint. Id. Ex. A7. The EEOC decision stated that "On appeal, no persuasive arguments or evidence have been presented to warrant an extension of the time limit for initiating an EEO contact." Id.

In his Response and Surreply, Plaintiff has not presented any admissible evidence to show that he was entitled to an extension of the 45-day time limit under 29 C.F.R. § 1614.105(a)(2). Plaintiff does not claim that he was not notified of the 45-day time limit, or that he was otherwise unaware of the time limit for filing an EEO complaint. In light of the fact that Plaintiff was specifically informed in the July 12, 2000 termination letter about the proper procedure for filing an EEO complaint, as well as the fact that there were posters at the White Sands facility about the procedures for filing an EEO complaint, the Court finds that Plaintiff did have sufficient notice of the 45-day time limit.[3] Moreover, Plaintiff has not presented admissible evidence to show that he

---

[3] Although the Tenth Circuit in Sizova held that posters in a workplace, standing alone, do not as a matter of law provide a plaintiff with sufficient notice of the time limits for filing an EEO complaint, 282 F.3d at 1327, the facts in this case are distinguishable because at the time that he was terminated, Plaintiff had received a termination letter specifically instructing him about the procedures for filing a complaint of discrimination. Def. Mem. (Doc. No. 8) Ex. A1 at ¶ 7.

was unaware that the discriminatory personnel action taken against him had occurred, or that despite due diligence, he was prevented from contacting an EEO counselor within the 45-day time limit. See 29 C.F.R. § 1614.105(a)(2).

In his Response, Plaintiff argues that the Army tacitly sanctioned an extension of the 45-day time limit for filing an EEO complaint by accepting his formal complaint "in order to obtain the Plaintiff's evidence alleged in his grievance." This conclusory statement is not supported by any admissible evidence, and therefore does not raise a genuine issue of material fact that would allow Plaintiff's claims to survive summary judgment. See Gross, 53 F.3d at 1546 (unsubstantiated allegations, no matter how true they might be, cannot be considered). In his Surreply, Plaintiff also argues that when he contacted an EEO officer in January of 2001, the EEO officer permitted Plaintiff to proceed with filing a formal complaint, which effectively tolled the time limitations period. Plf. Surreply (Doc. No. 20) at v. However, Plaintiff offers no legal support for his argument that the EEO officer's actions in permitting the complaint process to move forward somehow tolled the limitations period for Plaintiff.[4]

The Court concludes that Plaintiff has failed to raise a genuine issue of material fact to show that he was entitled to an extension of the 45-day time limit for filing an EEO complaint. Thus, the Court finds that Plaintiff failed to timely exhaust his administrative remedies for his

---

[4] In both his Response and Surreply, Plaintiff raises the argument that Defendants failed to comply with Local Rule 7.4, which requires a movant to request concurrence of each party at least three working days before filing a motion. D.N.M.L.R.-Civ. 7.4. Plaintiff argues that because Defendants failed to comply with Local Rule 7.4, the Court should summarily deny Defendants' motion. In their Reply, Defendants assert that they were unable to notify Plaintiff three days prior to filling their motion because Defendants were not aware that they had been served by Plaintiff in this lawsuit until one day before the deadline for filing motions in this case. Def. Reply (Doc. No. 16) at 1, n. 1. Since it is clear that Plaintiff does oppose Defendants' motion, the Court rejects Plaintiff's argument that Defendants' motion should be dismissed for failure to comply with Local Rule 7.4.

Rehabilitation Act of 1973 claims of wrongful termination and failure to provide reasonable accommodation. Accordingly, the Court finds that Defendants' motion for summary judgment should be granted with respect to Plaintiff's Rehabilitation Act claims.

      b.      <u>Plaintiff's Failure to Timely File Suit</u>

As an alternative ground for granting summary judgment, Defendants argue that Plaintiff failed to file this civil action within 90 days of the EEOC's denial of his request for reconsideration. It is well-settled that a plaintiff in a Title VII employment discrimination action may not bring suit in district court more than 90 days after receiving a final decision from either his employer or the EEOC. <u>See</u> <u>Belhomme v. Widnall</u>, 127 F.3d 1214, 1216 (10th Cir. 1997). Here, Plaintiff received a final decision from the EEOC on January 15, 2002. Def. Mem. (Doc. No. 8) Ex. A9. Plaintiff timely filed a civil action in <u>Smith I</u> within 90 days of that decision. However, Plaintiff's lawsuit in <u>Smith I</u> was dismissed without prejudice for Plaintiff's failure to properly serve process. Plaintiff filed the complaint (Doc. No. 1) in this action on August 5, 2003, well more than 90 days after receiving the final decision from the EEOC. Accordingly, Defendants argue that Plaintiff is barred from bringing his claims for wrongful termination and failure to provide reasonable accommodation in this action.

The Tenth Circuit has stated that the 90-day time limit for a plaintiff in a Title VII action to file suit in federal court "is not a jurisdictional prerequisite, rather it is a condition precedent to suit that functions like a statute of limitations and is subject to waiver, estoppel, and equitable tolling." <u>Mosley v. Pena</u>, 100 F.3d 1515, 1518 (10th Cir. 1996) (<u>citing</u> <u>Million v. Frank</u>, 47 F.3d 385, 389 (10th Cir. 1995)). The fact that a plaintiff filed an earlier Title VII suit that was

dismissed without prejudice for failure to serve a defendant does not toll the 90-day statutory period for filing a suit. See Scott v. Boeing Co., 48 Fed.Appx. 730, 731 (10th Cir. 2002) (unpublished decision) (citing Brown v. Hartshorne Pub. Sch. Dist., 926 F.2d 959, 961 (10th Cir. 1991)).

In his Response and Surreply, Plaintiff argues that the Court in Smith I tolled the 90-day time limit for filing a civil action. In support of this argument, Plaintiff cites to the July 21, 2003 Order by District Judge William Johnson that states "because the case was dismissed without prejudice, Plaintiff is not precluded from re-filing the case and thereby having another opportunity to serve Defendants properly." Smith I, Doc. No. 21 at 2. However, the Order in Smith I did not expressly state that the 90-day time limit should be tolled.

Moreover, the Court finds that Plaintiff has presented no admissible evidence that the doctrine of "equitable tolling" should apply in this case. The Tenth Circuit has stated that the equitable tolling doctrine is appropriate only when a defendant "actively misled" the plaintiff in respect to the cause of action, "or where the plaintiff has in some extraordinary way been prevented from asserting his or her rights." See Mosley, 100 F.3d at 1518. Here, Plaintiff has presented no admissible evidence that he was misled by either Defendant or Judge Johnson's July 21, 2003 Order. Rather, Plaintiff's failure to comply with the 90-day time limit stems from the fact that Plaintiff was unaware of the procedures for properly serving a party. The Tenth Circuit has held that a pro se plaintiff's lack of such knowledge is insufficient to warrant application of the equitable tolling doctrine. See Scott, 48 Fed.Appx. at 732 (citing Gatewood v. Railroad Retirement Bd., 88 F.3d 886, 890 (10th Cir. 1996)).

Accordingly, the Court finds that Plaintiff has failed to timely file a civil action for his claims of wrongful termination and failure to provide reasonable accommodation, and that this failure provides an alternative ground for granting Defendants' motion for summary judgment with respect Plaintiff's Rehabilitation Act of 1973 claims.

### 2. Plaintiff's Federal Tort Claims Act Claim for Slander

Defendants argue that Plaintiff is barred from asserting a claim for slander against them because the federal government has not waived its sovereign immunity with respect to such a claim. It is "elementary" that the federal government is immune from suit unless it has unequivocally expressed its consent to be sued. See Weaver v. United States, 98 F.3d 518, 520 (10th Cir. 1996); see also United States v. Dalm, 494 U.S. 596, 608 (1990). Absent an express waiver of sovereign immunity, a federal court lacks subject matter jurisdiction to hear a claim brought against a federal agency. See Weaver, 98 F.3d at 520. The party bringing suit against the federal government bears the burden of proving that sovereign immunity has been waived. See James v. United States, 970 F.2d 750, 753 (10th Cir. 1992) (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 188 (1936)).

Here, Plaintiff's claim for slander appears to be brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 et seq. However, the FTCA explicitly states that the United States has not waived its sovereign immunity for claims of slander. See 28 U.S.C. § 2680(h); Baca v. United States, 467 F.2d 1061, 1063-64 (10th Cir. 1972). Moreover, in order to assert a claim under the FTCA, a plaintiff must first exhaust his administrative remedies. See Duplan v. Harper, 188 F.3d 1195, 1199 (10th Cir. 1999). Here, Defendants argue that Plaintiff has failed to exhaust

14

his administrative remedies for an FTCA claim, and Plaintiff has not argued that he did comply with the exhaustion requirements.  Moreover, the Court notes that the Plaintiff would now be time barred under 28 U.S.C. § 2401(b) from exhausting his administrative remedies for this FTCA claim, because it has been more than two years since Plaintiff's claim accrued.  Accordingly, the Court finds that Defendants' motion to dismiss Plaintiff's claim for slander should be granted under FED. R. CIV. P. 12(b)(6) for failure to state a claim.

THEREFORE, it is ORDERED that Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. No. 8) is GRANTED.

_____
SENIOR UNITED STATES DISTRICT JUDGE